IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD GOODE,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL NUTTER; LOUIS GIORLA;** | : | **No. 11-6420** |
| **JOHN DELANEY; and MICHELE** | : | |
| **FARRELL** | : | |

**NORMA L. SHAPIRO, J.**                                                                 **SEPTEMBER 18, 2015**

## MEMORANDUM

Before the court is defendants' second motion to dismiss plaintiff's complaint. Plaintiff is a pretrial detainee alleging he has been housed in an overcrowded cell at the Curran-Fromhold Correctional Facility. He claims this condition violates his constitutional rights. Plaintiff brings this action under 42 U.S.C. § 1983. The court granted plaintiff's application to proceed *in forma pauperis* on March 13, 2012. On February 23, 2015, defendants filed a second motion to dismiss for failure to state a claim. Plaintiff filed an "Opposition to Defendants Motion to Dismiss Plaintiff's Amended Complaint" and "Challenging Memorandum of Law in Support of Defendants' Second Motion to Dismiss for Failure to State a Claim."

### I. BACKGROUND

Plaintiff filed a handwritten amended complaint alleging Michael Nutter, Commissioner Louis Giorla, Warden John Delaney, and Warden Michele Farrell violated his Eighth Amendment rights. Plaintiff alleges that during his incarceration within the Philadelphia Prison System he has been placed in a three-man cell (a two person cell with a plastic boat on the floor for a third inmate). Plaintiff states he is subject to overcrowded conditions including: inadequate laundry access and medical care; unsanitary food handling; insufficient recreational space; rodent infestations; and inadequate laundry access. These conditions allegedly led him to suffer acid burns, chronic back pain, and migraine headaches.

The settlement agreement in *Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87, pertaining to a class of current and future persons confined in the Philadelphia Prison System, granted class based relief, but excluded individual claims for damages. Section X(A) states, "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law." *Id.* All such actions have been assigned to this court.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted. A complaint must contain sufficient facts that, when accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.* Legal conclusions must be supported by "well-pleaded factual allegations." *Id.* at 664.

## III.  DISCUSSION

Section 1983 provides a remedy for deprivation of rights established in the Constitution or by federal law. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). Liability under § 1983 cannot be premised on the theory of respondeat superior; personal wrongdoing of each individual must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The plaintiff must allege a defendant's

personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff appears to plead his § 1983 claim as one arising under the Eighth Amendment. The Eighth Amendment applies only "after [the State] has secured a formal adjudication of guilt in accordance with due process of law." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Plaintiff is a pretrial detainee. Plaintiff should have pleaded his § 1983 claim as one based on the Due Process Clause of the Fourteenth Amendment. Plaintiff's failure to do so does not prejudice him; the Fourteenth Amendment affords pretrial detainees protections "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Id.*

Plaintiff names the Mayor of Philadelphia, the Commissioner of Prisons, the Warden of the Detention Center, and the Warden of Curran-Fromhold Correctional Facility as defendants. Plaintiff's amended complaint names the defendants and their responsibilities and states defendants are vicariously liable for the policies and procedures behind the overcrowding and inadequate, unsafe conditions plaintiff faces. This is insufficient to create allegations of personal direction or actual knowledge and acquiescence by defendants of the alleged deprivation of plaintiff's constitutional rights. Plaintiff's allegations are not sufficient to state a claim against individual defendants under § 1983.

## IV. CONCLUSION

Defendants' second motion to dismiss for failure to state a claim will be granted as to Nutter, Giorla, and Delaney. Plaintiff will be granted leave to file and serve a second amended complaint. An appropriate Order follows.